UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | CASE NO. C25-1472JLR |
| Plaintiff, | ORDER |
| v. | |
| CY EXPO LLC, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiff Northwest Administrators, Inc.'s ("NWA") motion for default judgment.  (Mot. (Dkt. # 7).)  NWA is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund (the "Trust"). (Compl. (Dkt. # 1) ¶ I.)  The Trust provides retirement benefits to eligible participants, including Defendant CY Expo LLC ("CY Expo"), that agree to contribute to the Trust in accordance with their collective bargaining agreements.  (*See id.* ¶¶ II, VI.)

ORDER - 1

NWA alleges that CY Expo failed to timely pay required contributions to the Trust under a collective bargaining agreement with Local 631 of the International Brotherhood of Teamsters ("Local 631") in May 2025. (*Id.* ¶¶ VI, VIII.) NWA seeks judgment for delinquent contributions, liquidated damages, pre-judgment interest, attorney's fees, and costs. (*Id.* at 4.)

NWA served CY Expo on August 12, 2025. (Return of Service (Dkt. # 4).) CY Expo failed to appear or otherwise respond to NWA's complaint. (*See generally* Dkt.) The court entered default against CY Expo on November 3, 2025. (Default (Dkt. # 6).) NWA filed this motion for entry of default judgment on February 17, 2026. (Mot.)

II.     ANALYSIS

**A.     Jurisdiction**

Before entering default judgment, the court must confirm that it has both subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). The court has subject matter jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)-(f) and the Taft-Hartley Act, 29 U.S.C. § 185(a). (Compl. at 2.) The court has personal jurisdiction over CY Expo based on its failure to make payments to the Trust, which is administered in Washington. (*See id.*) As a result, the court is satisfied that it has jurisdiction to enter default judgment against CY Expo.

ORDER - 2

**B.      Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes the court to enter default judgment against a defaulting defendant upon the plaintiff's motion.  Fed. R. Civ. P. 55(a), (b)(2).  After default is entered, well-pleaded factual allegations in the complaint, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Entry of default judgment is left to the court's discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the court considers seven factors (the "*Eitel* factors"):  (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of the plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the defendant's behavior; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the preference for decisions on the merits when reasonably possible.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  If the court determines that default judgment is appropriate, it must then determine the amount and character of the relief that should be awarded.  *See TeleVideo*, 826 F.2d at 917-18.

**C.      NWA Is Entitled to Default Judgment.**

The court applies the *Eitel* factors to this case and concludes that they favor entry of default judgment on NWA's claim against CY Expo.

### 1.   Possibility of Prejudice to NWA

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Without default judgment, NWA will suffer prejudice because it will "be denied the right to judicial resolution" of its claims and will be "without other recourse for recovery."  *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  Thus, the first *Eitel* factor weighs in favor of entering default judgment.

### 2.   Sufficiency and Merits of NWA's Complaint

The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are frequently analyzed together. *PepsiCo*, 238 F. Supp. 2d at 1175.  For these two factors to weigh in favor of default judgment, the complaint's allegations must be sufficient to state a claim for relief. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  A complaint satisfies this standard when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)).  At the default judgment stage, the court "must take the well-pleaded factual allegations [in the complaint] as true" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, NWA alleges that CY Expo is bound to a collective bargaining agreement and Trust Agreement with Local 631 under which it was required to report for and pay

ORDER - 4

monthly contributions to the Trust, as well as to pay liquidated damages of 20% of contributions, interest, and reasonable attorneys' fees in the event of nonpayment. (See Compl. ¶¶ VI-VII; see also Williams Decl. (Dkt. # 8) ¶¶ 4, 6, Exs. A (Employer-Union Pension Certification), B (Trust Agreement) at 6.) NWA further alleges that CY Expo breached the agreement by failing to make a timely payment to the Trust in May 2025. (Compl. ¶ VIII; *see* Williams Decl. ¶¶ 8-9, Exs. C, D.) The court concludes that NWA has sufficiently pleaded a claim for breach of contract.

3.    The Sum of Money at Stake

For the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant. *See Curtis*, 33 F. Supp. 3d at 1212.

In this case, NWA seeks to recover liquidated damages in the amount of $1,647.06; $90.02 in interest; attorney's fees totaling $1,044.00; and court costs of $530.00. (*See* Mot. at 5.) These amounts are directly proportional to the harm and seriousness CY Expo's failure to timely pay its May 2025 contribution. This factor weighs in favor of default judgment.

4.    Possibility of Dispute over Material Facts

For the fifth *Eitel* factor, the court considers the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471-722. Upon default, a plaintiff's factual allegations of the complaint are as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.

ORDER - 5

1977).  Because CY Expo failed to appear or otherwise respond, it has failed to rebut NWA's allegations and the evidence NWA has provided to support its claim.  Therefore, the court concludes that the fifth *Eitel* factor favors entry of default judgment.

5.    Possibility of Excusable Neglect

For the sixth *Eitel* factor, the court assesses whether the defendant's default was due to excusable neglect.  *PepsiCo*, 238 F. Supp. 2d at 1177.  Here, CY Expo was properly served with the summons and complaint but did not respond to the complaint or otherwise defend.  Therefore, the court concludes that the sixth *Eitel* factor favors entry of default judgment.

6.    Policy in Favor of Decision on the Merits

For the seventh *Eitel* factor, the court addresses the strong policy preference in favor of resolution of claims on their merits.  *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.").  Where, as here, a defendant fails to appear or defend itself in action, however, the policy favoring decisions on the merits is not dispositive.  *PepsiCo*, 238 F. Supp. 2d at 1177.  Thus, although the court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here. Accordingly, the court concludes that entry of default judgment in favor of NWA is warranted.

**D.    NWA Provides Sufficient Evidence to Support the Relief Requested.**

The court now turns to the issue of remedies.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the [complaint]."  Fed. R. Civ. P.

ORDER - 6

54(c); *see Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962). Defaulting defendants are not deemed to have admitted the facts alleged in the complaint concerning the amount of damages. *TeleVideo*, 826 F.2d at 917. Rather, the plaintiff "must 'prove up' the amount of damages that it is claiming." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003). In this District, a plaintiff must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." Local Rules W.D. Wash. LCR 55(b)(2)(A).

Here, NWA provides evidentiary support for its claim for liquidated damages for CY Expo's delinquent contribution in the amount of $1,647.06, plus $90.02 in interest (Mot., Ex. B; Williams Decl. ¶ 13, Ex. E). NWA has also sufficiently supported its request for an award of attorney's fees in the amount of $1,044.00, and costs of $530.00. (Mot., Ex. C.) The court finds that the hours expended on this case and the hourly rate charged by counsel are reasonable and in line with awards in similar cases. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by calculating the lodestar, which represents the product of a reasonable number of hours expended and a reasonable hourly rate). As a result, the court grants in full NWA's motion for entry of default judgment.

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion for default judgment (Dkt. # 7) and AWARDS the following amounts to NWA.

ORDER - 7

| | |
|---|---|
| Judgment Creditor: | Northwest Administrators, Inc. |
| Judgment Debtor: | CY Expo LLC |
| Liquidated Damages: | $1,647.06 |
| Interest to Date of Judgment: | $90.02 |
| Attorney's Fees: | $1,044.00 |
| Costs: | $530.00 |
| Attorneys for Judgment Creditor: | Reid, Ballew & Leahy, L.L.P. |

Dated this 2nd day of March, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 8